IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**LACOSTA STEELE,**

    **Plaintiff,**

v.                                             **Civil Action No. 1:22-00498**

**SAMMY BREWSTER,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On October 28, 2022, Plaintiff, acting *pro se*,[1] filed what the Court construed as a letter-form Complaint. (Document No. 1.) In her letter-form Complaint, Plaintiff names Sammy Brewster as the sole defendant. (Id.) Plaintiff complains that while she has been "locked up under federal custody," Defendant Brewster has "stolen my 2004 Ford Expedition with my personal belongings inside: my purse, jewelry, birth certificates, SS cards of mine and my children." (Id.) Plaintiff explains that she was with Defendant Brewster when she got arrested on October 6, 2021. (Id.) Plaintiff further states that Defendant Brewster "showed up to one of [her] court hearings" and "stated this said vehicle was mine." (Id.) Plaintiff alleges she "bought said vehicle off [her] cousin, Robert Mills, who resides in Panther, WV." (Id.) Plaintiff describes the vehicle as being "white in color," but notes that Defendant Brewster has "mentioned painting said vehicle several times." (Id.) As relief, Plaintiff requests the return of her "belongings and vehicle." (Id.)

## STANDARD

Since Plaintiff has applied to proceed without prepayment of the Court's filing fees and

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

costs, the documents comprising her Complaint are subject to pre-service screening pursuant to 28 U.S.C. § 1915.[2] See Randolph v. Baltimore City States Atty., 2014 WL 5293708 at *2 (D.Md.), aff'd, Randolph v. New Technology, 588 Fed. Appx. 219 (4th Cir. (Md.) Dec. 18, 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45 -

---

[2]   The undersigned notes that Plaintiff recently initiated another civil action with this Court wherein she filed a Motion to Proceed Without Prepayment of Fees and Costs on October 25, 2022. *See Steele v. Warden*, Civil Action No. 5:22-cv-00445, Document No. 4. Therefore, the undersigned **ORDERS** the Clerk to file a copy of Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs as filed in Civil Action No. 5:22-cv-00445 as a Motion in the above action.

46 (1957)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## DISCUSSION

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[3]

---

[3] Title 28, U.S.C. §1332 specifically provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> > (1) citizens of different states;
> >
> > (2) citizens of a State and citizens or subjects of a foreign state . . .;
> >
> > (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> >
> > (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ. P. 8(a)(1); also see Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's letter-form Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction. First, the Court finds that the District Court does not have diversity jurisdiction pursuant to Section 1332. Section 1332 requires "complete diversity." See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). "Complete diversity" means that a district court shall only have jurisdiction where the citizenship of each plaintiff is diverse from that of each defendant. Id.; 28 U.S.C. § 1332(a). Based upon a review of Plaintiff's letter-form Complaint, Plaintiff is a resident of West Virginia. (Document No. 1.) Plaintiff further indicates that Defendant Brewster is a resident of West Virginia. (Id.) Specifically, Plaintiff indicates that Defendant Brewster is either residing in War, West Virginia or Princeton, West Virginia. (Id.) Thus, Plaintiff and the Defendant are not "citizens of different states." Finally, there is no indication that the matter in controversy exceeds the sum or value of $75,000.[4]

Next, the undersigned finds that Plaintiff's letter-form Complaint does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Specifically, Plaintiff does not allege a violation of a federal statute or constitutional provisions. To the extent Plaintiff is

---

[4] To the extent Plaintiff wishes to pursue her claim, Plaintiff may initiate an action in the appropriate State court asserting a conversion claim. *Tilhance Creek Invs., LLC v. BCBank, Inc.*, 2013 WL 1286130, * 8 (W.Va. March 29, 2013)("In West Virginia, conversion is any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights.").

attempting to present a claim pursuant to 42 U.S.C. § 1983, the undersigned will briefly consider such. Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)(quoting West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)("A federal civil rights claim based upon § 1983 has two essential elements: '[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). A defendant acts under color of state law if he is "a state actor or ha[s] a sufficiently close relationship with state actors such that . . . [he] is engaged in the state's actions." Cox v. Duke Energy Inc., 876 F.3d 625, 632 (4th Cir. 2017)(quoting DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999)); also see Davison v. Randall, 912 F.3d 666, 679 (4th Cir. 2019)(internal quotation marks omitted)(a defendant acts under color of state law when he "exercise[s] power possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law.") Additionally, private conduct constitutes state action only if it is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); see also Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom

5

the State is responsible," and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar, 457 U.S. at 937, 102 S.Ct. 2744. In the instant case, there is no allegation or indication that Defendant Brewster was a "state actor" or that he was acting together with a state official. Based on Plaintiff's allegations, Defendant Brewster was acting as a private citizen at the time he allegedly took or stole Plaintiff's personal property.[5] Thus, Defendant Brewster's alleged misconduct of taking Plaintiff's personal property does not constitute private conduct "fairly attributable to the State" under the Lugar test. Accordingly, Plaintiff's claim against Defendant Brewster does not fall under Section 1983.

Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, such may not be remedied by an amendment to Plaintiff's letter-form Complaint, and Plaintiff's letter-form Complaint should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's

---

[5] It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Thus, Plaintiff has no right to initiate criminal proceedings against Defendant Brewster. *Young v. Herald*, 2005 WL 1048117, * 8 (E.D.Ky. May 3, 2005)(stating that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); *Kennedy v. Anderson*, 373 F.Supp 1345, 1346 (E.D.Okl. 1974)(stating that any charge brought under 18 U.S.C. § 242 "may only be initiated by a federal grand jury or a United States Attorney"); and *Dixon v. State of Maryland*, 261 F. Supp. 746 (D.Md. 1966)(Prisoner could not institute criminal proceedings against a State or its officers for violation of his rights under the color of law). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. *See United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); *Inmates of Attica Correctional Facility v. Rockefeller*, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). The decision to bring Federal or State charges are made by separate individuals. The ultimately *authority* to bring State charges rests upon the State Attorney General through its prosecutors, while the *authority* to bring Federal charges rests upon the United States Attorney General through its prosecutors.

Motion to Proceed Without Prepayment of Fees and Costs, **DISMISS** Plaintiff's letter-form Complaint (Document No. 1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: October 31, 2022.



Omar J. Aboulhosn
United States Magistrate Judge