```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

LACOSTA STEELE,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:22-00498

SAMMY BREWSTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on October 31, 2022, in which he recommended that the district court deny plaintiff's Motion to Proceed Without Prepayment of Fees and Costs, dismiss plaintiff's complaint, and remove this matter from the court's docket.

      In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the required time period.[1] Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's Motion to Proceed Without Prepayment of Fees and Costs, **DISMISSES** plaintiff's complaint, and directs the Clerk to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and any other unrepresented parties.

**IT IS SO ORDERED** this 5th day of March, 2024.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge

---

[1] Plaintiff did file a complaint on a form provided by the Clerk's Office. However, as noted in the PF&R, this court lacks subject matter jurisdiction over plaintiff's claim and that lack of jurisdiction could not be remedied by amendment.